UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VICKIE POWERS                                                                                    PLAINTIFF

V.                                    NO. 3:18-CV-11-BD

SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

**ORDER**

**I.   Introduction:**

On February 15, 2015, Vickie Powers applied for disability benefits, alleging disability beginning on October 1, 2014. (Tr. at 24) Ms. Powers' claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Powers' application. (Tr. at 36-37) Ms. Powers requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Ms. Powers filed this case seeking judicial review of the decision denying her benefits.[1]

**II.   The Commissioner's Decision:**

The ALJ found that Ms. Powers had not engaged in substantial gainful activity since the alleged onset date of October 1, 2014. (Tr. at 26) At step two of the five-step analysis, the ALJ found that Ms. Powers had the following severe impairments:

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

degenerative disc disease, status post anterior cervical discectomy and fusion, osteoarthritis, bilateral carpal tunnel syndrome, obstructive sleep apnea, fibromyalgia, headaches, depression, and anxiety. *Id*.

After finding that Ms. Powers' impairments did not meet or equal a listed impairment (Tr. at 26), the ALJ determined that Ms. Powers had the residual functional capacity ("RFC") to perform the full range of work at the light exertional level, with some limitations. (Tr. at 29) She could only occasionally work overhead with bilateral upper extremities. *Id*. She could only occasionally stoop, kneel, crouch, or crawl. *Id*. She could perform simple, routine tasks with only incidental interpersonal contact with the public (no sales or solicitations and a limited amount of meeting and greeting). *Id*. And she could tolerate only occasional changes in a routine work setting. *Id*.

The ALJ found that Ms. Powers was unable to perform any past relevant work. (Tr. at 35) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find, based on Ms. Powers' age, education, work experience and RFC, that she could perform work in the national economy as production assembler and marker. (Tr. at 36) The ALJ determined, therefore, that Ms. Powers was not disabled. (Tr. at 37)

**III.   Discussion:**

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

"Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    B.   Ms. Powers' Arguments on Appeal

In this appeal, Ms. Powers maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the ALJ should have included manipulative limitations in the RFC based on carpal tunnel syndrome; that the ALJ should have included limitations on concentration, persistence, and pace in the RFC; and that the ALJ improperly discounted the opinion of Kevin Diamond, M.D., Ms. Powers' treating physician.

A claimant's RFC represents the most she can do despite the combined effects of all credible limitations; and the RFC must account for all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, an ALJ must establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of the claimant's impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Ms. Powers argues that because the ALJ ruled carpal tunnel syndrome to be a severe impairment, he should have included manipulative limitations in the RFC. The problem with this argument is that a diagnosis, standing alone, does not equal disability; rather, there must be evidence of a functional loss that shows an inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Ms. Powers has not shown a functional loss due to carpal tunnel syndrome. She did not complain of hand pain regularly to her doctor and did not seek specialized treatment. A diagnostic test revealed mild-to-moderate bilateral carpal tunnel syndrome in August 2016. (Tr. at 689, 700) Objective tests that show mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). The only treatment Ms. Powers alluded to with respect to carpal tunnel syndrome was that she wore wrist splints at night. (Tr. at 77) She did not have surgery on either hand. (Tr. at 77-78) The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). The medical evidence does not demonstrate a requirement for manipulative limitations in Ms. Powers' RFC.

As for mental allegations, the medical evidence likewise fails to support RFC limitations on persistence, pace, and concentration. Ms. Powers admitted she did not seek mental health treatment, although the record shows very brief treatment at Families Inc., in November of 2016. (Tr. at 703-719) The failure to seek regular and continuing

4

treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). Ms. Powers had normal mental status exams in May 2014, August 2014, October 2014, November 2014, March 2015, June 2015, August 2015, and October 2016. (Tr. at 315-336, 415, 472, 523, 626, 700)

Anita Wells, Ph.D., conducted a mental diagnostic evaluation in July 2015. (Tr. at 481) Ms. Powers had good recall, could make mathematical computations, and counted backwards from 20-1 with no errors. *Id*. Her thought process and thought content were normal, and she experienced no perceptual abnormalities. *Id*. Dr. Wells noted that Ms. Powers was fairly independent in activities of daily living. (Tr. at 484) *See Johnson v. Apfel*, 240 F.3d 1145, 1148-49 (8th Cir. 2001)(acts which are inconsistent with a claimant's assertion of disability reflect negatively on that claimant's credibility). Dr. Wells found that Ms. Powers had adequate concentration, persistence, and pace. (Tr. at 485) Dr. Wells' report is consistent with the medical record.

Moreover, the ALJ did incorporate some limitations in the mental portion of the RFC. He discounted the state-agency psychiatric consultants' opinions that Ms. Powers had no severe mental impairments. (Tr. at 35) He credited Ms. Powers' own complaints in assigning mental limitations. The RFC properly captured Ms. Powers' mental abilities.

Finally, Ms. Powers argues that the ALJ should have given more weight to the opinion of Dr. Diamond, whom she saw 20 times between December 2013 and January 2017. (Tr. a 312-340, 394-397, 549-55, 604-611, 774-777) Although Dr. Diamond noted

5

an abnormal cervical MRI, he found normal musculoskeletal exams and full range-of-motion in her spine on several occasions in 2014 and 2015. (Tr. at 313, 336, 382, 472, 523, 626) Ms. Powers reported that medication and steroidal injections had helped to some degree (Tr. at 315, 328, 380), and she was urged to exercise and pursue physical therapy. (Tr. at 518, 424) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). And a physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Ms. Powers' chiropractor recommended conservative care. (Tr. at 596-596) While Ms. Powers complained of disabling neck pain, the medical evidence does not support that claim.

Accordingly, it was not erroneous for the ALJ to give little weight to Dr. Diamond's opinion regarding Ms. Powers' limitations. Dr. Diamond filled out a three-page, checkbox medical source statement in 2016. (Tr. at 588) He opined that Ms. Powers was limited to lifting 10 pounds and standing and walking less than two hours. He also indicated that Ms. Powers would likely miss more than three days of work per month. (Tr. at 588-89) Dr. Diamond did not refer to any objective testing or clinical findings on the short form to support such limitations. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Moreover, Dr. Diamond's opinion was apparently based, in large part, on Ms. Powers' subjective complaints of pain. Functional limitations must have a basis in the medical evidence and are not established based solely on a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). Dr. Diamond limited Ms. Powers to frequent overhead reaching, a conclusion that the ALJ incorporated into the RFC. (Tr. at 29, 589) An updated medical source statement from Dr. Diamond placed similar limitations on Ms. Powers, but it was submitted after the relevant time-period. (Tr. at 12-15)

A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The opinion of a treating physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole. *Id*. (*quoting Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)). Dr. Diamond's opinion is more limiting than those of two state-agency medical consultants (Tr. at 111, 133) and Dr. Robert Shackleford, D.C. (Tr. at 430), who all opined that Ms. Powers could perform work at the light level. The medical evidence supports those findings, and the ALJ was entitled to discount those portions of Dr. Diamond's report that conflicted with the evidence.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Ms. Powers' limitations that were supported by the evidence, and the ALJ gave appropriate weight to Dr. Diamond's opinion. The finding that Ms. Powers was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 29th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE